IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ASHLEY SUMMERS, individually and on behalf of all others similarly situated, | ) ) ) Civil Action No. 3:13-cv-00439 |
| Plaintiff, | ) ) ) District Judge Todd J. Campbell |
| v. | ) ) ) Magistrate Judge Juliet E. Griffin |
| FIRST STATE BANK, | ) ) ) |
| Defendant. | ) ) ) |

## INITIAL CASE MANAGEMENT ORDER # 1

1. **Jurisdiction:** Plaintiff asserts that the Court has jurisdiction over this matter pursuant to 28 USC §1331 because it arises out of a federal question. Plaintiff has brought a claim pursuant to 42 U.S.C. § 12188. Defendant admits personal jurisdiction, but asserts that the case is moot because as of May 27, 2013, voice guidance was fully functional at the ATM located at 300 Northcreek Boulevard, Goodlettsville, Tennessee 37072 (it had been installed prior to March 15, 2012, but had malfunctioned) and the ATM otherwise complied, and continues to comply, with Chapter 7 of the 2010 Standards for Accessible Design and there is not any reasonable expectation or demonstrated probability that the challenged conduct may recur. As such, Defendant contends that the Court lacks subject matter jurisdiction.

2. **Plaintiff's Theory of the Case:** The instant case is a putative class action, in which Plaintiff alleges a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* and its implementing regulations, specifically including the 2010 Standards for Accessible Design. Plaintiff claims that ATM machines owned by Defendant are not fully accessible to and independently usable by blind individuals. Plaintiff seeks injunctive relief and class certification pursuant to Fed. R. Civ. P. 23(b)(2).

3. **Defendant's Theory of the Case:** As of May 27, 2013, voice guidance was fully functional at the ATM located at 300 Northcreek Boulevard, Goodlettsville, Tennessee 37072 (it had been installed prior to March 15, 2012, but had malfunctioned) and the ATM otherwise complied, and continues to comply, with Chapter 7 of the 2010 Standards for Accessible Design. As such, this case is moot. Further, Defendant disputes that class certification is appropriate.

4. **Identification of the Issues:** Issues that have been resolved include venue. Issues that are still in dispute include jurisdiction, liability, and remedies.

5. **Need for Other Claims or Special Issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** Plaintiff anticipates filing a Motion for Class Certification under Rule 23 after the close of discovery. The parties shall file any motions to amend on or before September 3, 2013.

6. **Initial Disclosures and Staging of Discovery:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 23, 2013. The parties shall complete all written discovery and depose all fact witnesses on or before March 10, 2014. Plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 31, 2013. Defendant shall identify and disclose all expert witnesses and reports by December 30, 2013. Plaintiff shall identify and disclose all rebuttal experts by January 29, 2014. The parties shall depose all expert witnesses on or before March 10, 2014. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Griffin. The parties anticipate filing a joint motion for entry of an agreed protective order.

7.      **Dispositive Motions:** The parties shall file all dispositive motions on or before April 10, 2014. Responses to dispositive motions shall be filed within 28 days of the filing of the motion. Optional replies shall be filed within fourteen (14) days after filing of the response. Replies are permitted, but optional, on dispositive motions. Briefs shall not exceed 25 pages.

8.      **Alternate Dispute Resolution:** The parties shall submit a joint mediation report on or before December 31, 2013.

9.      **Electronic Discovery:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: any electronically stored information that is subject to disclosure or discovery will be produced in hard copy or on CD in .pdf format. Because the parties have reached agreement on how to conduct electronic discovery, the default standard contained in Administrative Order No. 174 need not apply to this case.

10.     **Target Trial Date:** The parties propose a target trial date of September 9, 2014, for a jury trial lasting approximately 3 days.

**IT IS SO ORDERED.**

JULIET E. GRIFFIN
United States Magistrate Judge

APPROVED FOR ENTRY:

*/s/ Gary F. Lynch*
Gary F. Lynch
CARLSON LYNCH, LTD.
36 North Jefferson St. PO Box 7635
New Castle, PA 16107
(724) 656-1555
Fax: (724) 656-1556
glynch@carlsonlynch.com

Clinton H. Scott
GILBERT RUSSELL MCWHERTER PLC
101 North Highland Ave
Jackson, TN 38301 (731) 664-1340
Fax: (731) 664-1540
cscott@gilbertfirm.com
*ATTORNEYS FOR PLAINTIFF*

*/s/ Derek W. Edwards*
Derek W. Edwards
WALLER, LANSDEN, DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219
(615) 244-6380
derek.edwards@wallerlaw.com

*ATTORNEYS FOR DEFENDANT*